United States District Court
Southern District of Texas

**ENTERED**

January 03, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, § | |
| § | |
| *Plaintiff*, § | |
| VS. § | CIVIL ACTION NO. 4:24-cv-677 |
| § | |
| KIRBY'S TAVERN, INC., ADC CONCEPTS, § | |
| LLC, and JOSEPH ARBEELY, § | |
| § | |
| *Defendants*. | |

## ORDER

Pending before this Court is Joseph Arbeely's ("Arbeely") Motion to Dismiss under Rule 12(b)(6). (Doc. No. 8). G&G Closed Circuit Events, LLC ("Plaintiff") responded in opposition, (Doc. No. 12), and Arbeely did not file a reply. Having considered the motion and the relevant pleadings, the Court **DENIES** the Motion. (Doc. No. 8).

### I.    Background

This case arises from an allegedly unlicensed broadcast of a boxing match. Plaintiff is a broadcast licensee of a closed-circuit telecast of a championship boxing match between Saul "Canelo" Alvarez and Avni Yildirim held on February 27, 2021. (Doc. No. 1 at 1). It had the exclusive authority to sub-license the broadcast to various commercial entities. (*Id.* at 3–4). Plaintiff alleges Arbeely is the sole officer and owner of his business entities, Kirby's Tavern, Inc. and ADC Concepts, LLC (collectively, with Arbeely, "Defendants"). (*Id.* at 2–3); (Doc. No. 12 at 4). Plaintiff alleges that Defendants intercepted, received, and broadcast—or assisted in doing so— a closed-circuit telecast of the match. (Doc. No. 1 at 4–5). Plaintiff further alleges that this was done without a sub-license from Plaintiff, violating the Communications Act of 1934, specifically,

47 U.S.C. §§ 553 and 605. (*Id.* at 5). As such, Plaintiff seeks statutory damages and cost from Defendants. (*Id.* at 6).

## II.    Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.    Analysis

Arbeely's sole argument in his motion is that he cannot be held individually liable for the conduct of his business entities. (Doc. No. 8 at 3–4). He argues that, because Plaintiff did not plead facts suggesting that the corporate veil should be pierced or that Arbeely individually employed or controlled the staff on the date of the boxing match, the claims against him should be dismissed. (*Id.* at 3).

As Plaintiff correctly points out, however, an individual may be held vicariously liable under the Communications Act. "Sections 553 and 605 of the Communications Act 'expressly prohibit assisting third parties in intercepting or receiving unauthorized communications, and have been interpreted to allow [an aggrieved person] to hold [a person] individually [vicariously] liable if he had (1) the right and ability to supervise the unauthorized activities of the establishment in those activities and (2) an obvious and direct financial interest in those activities." *G&G Closed Circuit Events, LLC v. El Perron Hot Dogs, LLC*, No. 4:21-cv-3121, 2023 WL 4373023, at *2 (S.D. Tex. Jul. 6, 2023) (Hanen, J.) (alterations in original) (quoting *Joe Hand Promotions, Inc. v. Ambiente Bar LLC*, No. 7:13-cv-132, 2014 WL 580767, at *2 (S.D. Tex. Feb. 13, 2014)). *See also Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014) (Harmon, J.) (same).

In this case, Plaintiff's Complaint—which, at this stage, the Court must accept as true— sufficiently pleads those two elements of vicarious liability. Plaintiff pleads that, on the date of the allegedly unlicensed broadcast, Arbeely "was an owner and/or manager of the Establishment," "was an officer and/or owner of the entity owning the Establishment," "had a right and ability to supervise the activities of the Establishment," and "had an obvious and direct financial interest in the activities of the Establishment." (Doc. No. 1 at 3). Indeed, Arbeely admits as much, writing

3

that "Arbeely merely owned a shareholder interest in Kirby's Tavern, Inc., and a membership interest in ADC Concepts, LLC." (Doc. No. 8 at 1). From those ownership interests arise "an obvious and direct financial interest." As such, as pleaded, Arbeely can be held vicariously liable under the Communications Act.

## IV.    Conclusion

For the foregoing reasons, Arbeely's Motion to Dismiss is **DENIED**. (Doc. No. 8).

Signed on this the ___3___ day of January 2025.

Andrew S. Hanen
United States District Judge

4